HAMPTON STEVENS, executor, plaintiff in error, vs. STEPHEN A. SELLARS, administrator, defendant in error.

Debt created by, and judgment obtained against vendee, by third person, after deed to him, but before decree on bill by vendor setting aside sale, the only equity of such bill being the vendor's lien, such decree providing, also, for the satisfaction of the judgment for the purchase money, which was of prior date to that above-mentioned: *Held,* that the land was subject to the judgment of such third person.

Judgments.  Levy and sale.  Liens.  Before Judge CLARK. Schley Superior Court.  April Term, 1877.

Reported in the decision.

W. A. HAWKINS; C. B. HUDSON, for plaintiff in error.

B. B. HINTON, for defendant.

WARNER, Chief Justice.

This was a claim case which came on for trial, and by the agreement of the parties, the questions of law involved in it were submitted to the court upon the following agreed

statement of facts, and that a verdict should be rendered by the jury in accordance with the decision of the court as to the law applicable to the facts so agreed on, to-wit: "that in 1860, Sellars, as the administrator of Richard Sellars, sold the lot of land in dispute, at administrator's sale, on twelve months' credit, requiring good security, when, at that sale, Hiram Tison, the defendant, purchased said land at the price of $2,500.00, gave Wm. A. Black as security, and the administrator made a deed to said Tison, who entered into possession, and remained there until 1870. Black and Tison were both solvent, and good for the money. Hampton Stevens, plaintiff in *fi. fa.*, *without notice*, became the creditor of Tison in 1866, and obtained the present judgment in 1867. In 1869, Sellars, the administrator, filed a bill against other creditors, not including Stevens, to enforce a vendor's lien, and in 1869, October term of the superior court, obtained a decree setting up the vendor's lien by arbitration. Sellars sued Black and Tison, and obtained judgment before the judgment of plaintiff in *fi. fa.*, and Black had a sufficiency of property to pay the *fi. fa.* The arbitrators returned the land to the estate by the decree, and surrendered the note given at the sale, and the judgment and *fi. fa.* had thereon, as will appear by the annexed submission and award, which was made the judgment of the court:

" GEORGIA—Schley county :

" Whereas there is a certain matter of controvesy in the superior court of said county wherein Stephen A. Sellars, as administrator *de bonis non* of Richard Sellars, deceased, is complainant, and Hiram Tison and William A. Black are defendants, all of said county, wherein Stephen A. Sellars, as administrator, as aforesaid, claims that said Hiram Tison, as principal, and said William A. Black, security, are indebted to him in the sum of twenty-five hundred and seventy-five dollars, by the consideration, order and judgment of said court, which is founded upon a promissory note due the 25th day of December, 1860, the consideration of which note is the

purchase price of lot of land No. 26, in the 13th district of originally Lee, now said county, which land was sold by one Jacob M. Sellars, as the administrator of said Richard Sellars, deceased, and that the same was purchased by the said Hyram Tison, that the whole of said purchase money is due and unpaid, that the vendor's lien exists and should be declared for the whole of said purchase money, and that the land be sold for the satisfaction of said lien; and whereas the said Hiram Tison and said William A. Black contend and plead that they are entitled to the benefit of the relief afforded by an act for the relief of debtors and the adjustment of debts upon the principles of equity: Now they, the said parties aforesaid, do covenant and agree to leave said matter in controversy to the arbitrament and award of Mark H. Blandford, chosen by Stephen A. Sellars, administrator, as aforesaid, and Barnard Hill, chosen by the said Hiram Tison and said William A. Black, and B. B. Hinton to be chosen by them, the said arbitrators. And said arbitrators shall have full power to adjust said matters by directing a sale of said land, with or without the vendor's lien, as they may determine, or by canceling, annulling or setting aside said conveyance or sale of said land to said Hiram Tyson, and vesting the title in the estate of said Sellars upon such terms as the said arbitrators may impose on said parties; which award and decision of said arbitrators may be made up and rendered at any time before the next October term of Schley superior court. All this without further notice to either of us of the time and place of the sitting and hearing of the same by said arbitrators; and that the award, when made, be made the judgment of said superior court.

"On the 8th day of September, 1869, said Blandford, Hill and Hinton made an award under said submission, as follows:

"Georgia—Schley county, etc. :

"That Sellars had a valid vendor's lien against said land for the payment of the purchase money; that Tison should give up said land to said Sellars, administrator, when the

crop was gathered, and his deed from Sellars, administrator, be canceled so as to vest the title of said land in said estate; that the judgment be entered satisfied upon Tison paying the cost on it; that the bill be entered settled at complainant's costs, and that this award be made the judgment of the next superior court of Schley county."

Upon the foregoing agreed statement of facts, the court decided that the claimant was entitled to a verdict finding the property not subject, which was so rendered by the jury, under the direction of the court, whereupon the plaintiff excepted.

The controlling question in this case, upon the foregoing statement of facts, is, whether the land purchased by Tison from Sellars, administrator, and to which he had a deed, and went into the possession thereof as such purchaser, is legally subject to be levied on and sold as the property of Tison in satisfaction of Steven's *fi. fa.*, which issued on a judgment obtained in his favor against Tison whilst he was the owner of it. Steven's debt was contracted in 1866, when Tison was the owner of the land and in the possession thereof, without any notice of the vendor's lien thereon, and obtained his judgment against Tison in 1867, which was a lien upon the land before it was surrendered to Sellar's estate by the decree of the court upon the award of the arbitrators, a proceeding to which Stevens was not a party, and therefore was not bound by it. In our judgment, the court erred in deciding that the land was not legally subject to be levied on and sold as Tison's property in satisfaction of Steven's *fi. fa.*, on the statement of facts contained in the record. What may be the equitable rights of the parties, on a proper case being made for the consideration of that question, we express no opinion.

Let the judgment of the court below be reversed.